UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **JERRELL MARSHALL** | **CIVIL ACTION NO. 18-0576** |
| **VS.** | **SECTION P** |
| | **JUDGE TERRY A. DOUGHTY** |
| **DEPT. OF CORRECTIONS, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Plaintiff Jerrell Marshall is confined at Caldwell Correctional Center and is proceeding pro se and in forma pauperis. He filed the instant Complaint on April 26, 2018, under 42 U.S.C. § 1983. He names the following Defendants: "Dept. of Corrections," James M. LeBlanc, Jerry Goodwin, and Kevin Wyles.[1] For the following reasons, it is recommended that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE**.

### Background

Plaintiff alleges that Defendants are confining him beyond his December 25, 2017, release date. He claims that he was initially arrested and confined on December 26, 2014, and that, on May 1, 2017, a state court judge sentenced him to three years of incarceration with credit for time served. He seeks immediate release.

### Law and Analysis

**1. Preliminary Screening**

Plaintiff is a detainee who has been permitted to proceed in forma pauperis. As a detainee seeking redress from an officer or employee of a governmental entity, his complaint is

---

[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] See *Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding in forma pauperis*,* his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Likewise, a complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft*, 556 U.S. at 662; *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

**2. Habeas Corpus Relief**

Although Plaintiff filed this action under 42 U.S.C. § 1983, he challenges the very fact and duration of his imprisonment. Plaintiff should instead pursue his request for an immediate release from custody through a petition for writ of habeas corpus under 28 U.S.C. § 2241.[3] The Court cautions Plaintiff that he must first exhaust his available state court remedies before seeking habeas corpus relief in this Court. See *Preiser*, 411 U.S. at 477 (observing that if "habeas corpus is the exclusive federal remedy . . . a plaintiff cannot seek the intervention of a federal court until he has first sought and been denied relief in the state courts, if a state remedy

---

[3] See *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997) (holding that Section 2241 is the proper vehicle to attack the manner in which a sentence is being executed); see also *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997) (recognizing the adoption of the following "bright-line" rule: "If a favorable determination would not automatically entitle the prisoner to accelerated release, the proper vehicle is a § 1983 suit.") (internal formatting, quotations, and quoted source omitted).

is available and adequate."). Accordingly, Plaintiff's Complaint should be dismissed because it fails to state a claim upon which relief can be granted.

## Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Jerrell Marshall's Complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim upon which relief can be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 30th day of May, 2018.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE