# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| JERRELL MARSHALL | CIVIL ACTION NO. 18-0576 |
| | SECTION P |
| VERSUS | |
| | JUDGE TERRY A. DOUGHTY |
| DEPT. OF CORRECTIONS, ET AL. | MAG. JUDGE KAREN L. HAYES |

## RULING

Plaintiff Jerrell Marshall is confined at Caldwell Correctional Center and brought this civil rights action, *pro se*, on April 26, 2018, pursuant to 42 U.S.C. § 1983. He names as Defendants "Dept. of Corrections," James M. LeBlanc, Jerry Goodwin, and Kevin Wyles.

On May 30, 2018, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 8] recommending that the Court dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted. Specifically, she found that Plaintiff improperly brought a civil rights action when he challenges the fact and duration of his imprisonment. She advised Plaintiff that such relief could only be obtained through a petition for writ of habeas corpus under 28 U.S.C. § 2241 and that Plaintiff should not file a habeas petition until he has exhausted his available state court remedies.

On June 6, 2018, the Clerk of Court received another filing from Plaintiff, which were construed as objections [Doc. No. 10] to the Report and Recommendation.

The same day, Magistrate Judge Hayes issued a Supplemental Report and

Recommendation [Doc. No. 11] in which she addressed Plaintiff's Motion to Appear in Open Court [Doc. No. 9] because it had been placed in the prison mailing system before her original Report and Recommendation issued, but had not been docketed by the Clerk's Office at the time the Report and Recommendation was filed. Magistrate Judge Hayes found that Plaintiff repeated his allegations and requests for relief, but failed to cure the deficiencies in his Complaint. Therefore she recommended that the motion be denied and dismissed as superfluous and moot.

On June 12, 2018, the Clerk of Court received multiple filings from Plaintiff. He moves to amend his complaint [Doc. No. 12], for appointment of counsel [Doc. No. 13], for "Declaration and Request Local Rules 28 U.S.C. § 1915(h) also an Element," [Doc. No. 14], and to issue summonses [Doc. No. 15].

On June 13, 2018, the Clerk of Court received additional objections [Doc. No. 16] to the Report and Recommendation, as well as a "Motion for: Written Objections and Appeals Dismissed Civil Rights Complaint by a Prisoner Pursuant to 28 U.S.C. § 1915 under 42 U.S.C. § 1983 and Motion for Complaint and Summons" [Doc. No. 17].

The Court issues this Ruling to address the pending motions, as well as the pending Report and Recommendation and Supplemental Report and Recommendation.

First, with regard to his motion to amend his Complaint [Doc. No. 12], Plaintiff seeks leave of Court to add as a Defendant a state court judge. Pursuant to Federal Rule of Civil Procedure 15(a), the Court shall "freely give leave to amend when justice so requires." However, in this case, amendment would be futile because Plaintiff seeks relief not available under § 1983 and, additionally, because he seeks to add a defendant who is entitled to immunity as a judicial officer. Therefore, Plaintiff's motion to amend Complaint is DENIED.

2

Second, with regard to his motion to appoint counsel [Doc. No. 13], Plaintiff contends that an attorney should be appointed to represent him because of his lack of education and knowledge of the law. In a § 1983 case, Congress has not specifically authorized courts to appoint counsel for a plaintiff. "Generally no right to counsel exists in § 1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. § 1915 where 'exceptional circumstances' are present." *Robbins v. Maggio*, 750 F.2d 405 (5th Cir. 1985). Pursuant to 28 U.S.C. § 1915(e)(1), federal courts are given the power to request that an attorney represent an indigent plaintiff. The United States Supreme Court in the case of *Mallard v. United States District Court for the Southern District*, 109 S. Ct. 1814 (1989), held that federal courts can only request that an attorney represent a person unable to employ counsel because federal courts are not authorized under 28 U.S.C. §1915(e)(1) to make compulsory appointments.

Although courts can request that an attorney represent an indigent plaintiff, the court is not required to make this request in the absence of "exceptional circumstances." *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982); *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989); *Robbins v. Maggio*, 750 F.2d 405 (5th Cir. 1985) ("Generally no right to counsel exists in §1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. §1915 where 'exceptional circumstances' are present."). No precise definition of "exceptional circumstances" is available, but the United States Court of Appeals for the Fifth Circuit has provided a litany of factors for lower courts to consider in making this determination. For example, the district court should consider (1) the type and complexity of the case; (2) the plaintiff's ability to adequately present and investigate his case; (3) the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and cross-examination;

and (4) the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination." *See Parker v. Carpenter*, 978 F.2d 190 (5th Cir. 1992) (citations omitted). Additionally, a court may consider whether a plaintiff has demonstrated the inability to secure private counsel on his own behalf because plaintiffs are not excused from making efforts to procure counsel on their own. *See Jackson*, 864 F.2d at 1242; *Ulmer*, 691 F.2d at 213. Plaintiff has failed to make this showing, and, further, he does not actually allege any rights actionable under § 1983. Therefore, his motion for appointment of counsel is DENIED.

Third, Plaintiff's Motion for Declaration [Doc. No. 14] is yet another attempt to amend his Complaint and to add claims against a state court judge. For the reasons stated, this motion is also DENIED.

Fourth, Plaintiff's "Motion for: Written Objections and Appeals Dismissed Civil Rights Complaint by a Prisoner Pursuant to 28 U.S.C. § 1915 under 42 U.S.C. § 1983 and Motion for Complaint and Summons" [Doc. No. 17] is another attempt to make argument to the Court and/or to amend his Complaint, but he again fails to address the deficiencies raised by Magistrate Judge Hayes. Therefore, this motion is also DENIED.

Having conducted a *de novo* review of the record in this matter, including all of Plaintiff's filings, and having resolved certain of Plaintiff's motion as set forth above, the Court finds that Magistrate Judge Hayes properly stated and applied the law in this matter and hereby ADOPTS her Report and Recommendation and her Supplemental Report and Recommendation. Plaintiff's civil rights Complaint is DISMISSED WITH PREJUDICE, and his motion to appear in open court is DENIED as superfluous and moot.

Finally, Plaintiff's motion to issue summonses is DENIED AS MOOT.

MONROE, LOUISIANA, this 14th day of June, 2018.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE